UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

YULIAM L. RODRIGUEZ,

       Plaintiff,
v.

EXECUTIVE NON-EMERGENCY
TRANSPORTATION, INC.,
GEORGE A. RICARDO,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, YULIAM L. RODRIGUEZ, brings this action against Defendants, EXECUTIVE NON-EMERGENCY TRANSPORTATION, INC. and GEORGE A. RICARDO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff YULIAM L. RODRIGUEZ was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

4. At all times material hereto, Defendant, EXECUTIVE NON-EMERGENCY TRANSPORTATION, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of non-emergency medical transportation, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced

1

herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendants regularly conducted business in Palm Beach County, Florida.

6. Defendant, GEORGE A. RICARDO, is a resident of Brevard County, Florida and was, and now is, a manager of Defendant, EXECUTIVE NON-EMERGENCY TRANSPORTATION, INC., and controlled Plaintiff's duties, hours worked, and compensation. Accordingly, GEORGE A. RICARDO was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to vehicles, phones, computers, computer mice, computer monitors, pens, paper and computer keyboards.

8. Plaintiff YULIAM L. RODRIGUEZ worked for Defendants as a driver.

9. Defendants failed to pay Plaintiff her full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

10. Defendants failed to pay Plaintiff her full and proper minimum wages for certain hours worked during Plaintiff's employment.

11. Attached as Exhibit A is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

12. Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791