**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:19-cv-80663-ROSENBERG/REINHART**

YULIAM L. RODRIGUEZ,

    Plaintiff,

v.

EXECUTIVE NON-EMERGENCY
TRANSPORTATION, INC. &
GEORGE A. RICARDO,

    Defendants.
_____/

**ORDER OF COURT-MANDATED REQUIREMENTS IN FLSA-BASED CASES**

**THIS MATTER** is before the Court upon the filing of an action under the Fair Labor Standards Act, *as amended,* 29 U.S.C. §201 *et seq.* ("FLSA"), by which the Plaintiff seeks unpaid wages. To expedite resolution of this matter, the parties are instructed to comply with the following requirements.

**I.     STATEMENT OF CLAIM**

To assist the Court in the management of the case, the Plaintiff is **ORDERED** to file with the Court a statement of claim setting forth the amount of the alleged unpaid wages, the calculation of such wages, and the nature of the wages (*e.g.* overtime or regular) *within twenty-one (21) days from the date of this Order.* The statement of claim shall also include all attorney's fees and costs incurred to date. With respect to attorney's fees, counsel must provide the hourly rate sought and the number of hours expended by each person billing time. Also within that allotted time, the Plaintiff shall serve a copy of this Order, the statement of claim, *and copies of all documents supporting the claim (e.g.* time slips, pay stubs) on the Defendant's counsel. The Plaintiff shall, on that same date, additionally file a notice of full compliance with this Order.

The Defendant, *within fourteen (14) days of service of the Plaintiff's statement of claim,* is **ORDERED** to file with this Court a response to the Plaintiff's statement, and provide the Plaintiff with copies of all documents supporting its defenses. Concurrently, the Defendant shall file a notice of full compliance with this Order. **Failure to comply with this Order may result in default, dismissal, and/or sanctions.**

## II.     SETTLEMENT APPROVAL

Because FLSA rights cannot be abridged by contract or otherwise waived, claims arising under the FLSA may be compromised only with the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In a suit brought by employees under the FLSA, the Court must determine whether a settlement proposed by the employer and employees "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Accordingly, it is hereby **ORDERED** that any motion for settlement approval filed in this case should do the following:

a. Attach a copy of the settlement agreement.
b. State whether the settlement agreement would result in a complete recovery of all wages that Plaintiff(s) claimed to be owed.
c. Explain, with specificity, the nature of the parties' bona fide dispute and why the settlement agreement represents a fair and reasonable resolution of that dispute, in light of the factors outlined above.
d. If the settlement agreement provides for the recovery of attorney's fees, explain how the fees were calculated and why the amount of the fees is reasonable. If the fees were calculated on an hourly basis, records of counsel's time should be attached.
e. If the parties seek for their settlement agreement to be reviewed *in camera*, for their settlement agreement to be filed under seal or, alternatively, if the parties' settlement agreement would somehow punish the Plaintiff for discussing the terms of the settlement agreement, the parties should provide the Court with detailed legal argument supporting the relief sought. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla.

2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights. . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); *see also Webb v. CVS Caremark Corp.*, No. 5:11-CV-106 (CAR), 2011 WL 6743284, *3 (M.D. Ga. Dec. 23, 2011) (holding that, "in light of the Court's ruling that it will not seal any settlement agreements, it is likely that the confidentiality provisions are unenforceable" and, moreover, such a provision "contravenes the legislative purpose of the FLSA").

**Failure to comply with these requirements may result in denial of the motion for settlement approval.**

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of June, 2019.

Copies furnished to:
All counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE